IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STAND TOGETHER AGAINST RACISM AND RADICALISM IN THE SERVICES, INC., 222 East McKinney, Suite 100, Denton, Texas 76201 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| U.S. DEPARTMENT OF DEFENSE, 1400 Defense Pentagon Washington, DC 20301-1400 | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Stand Together Against Racism and Radicalism in the Services, Inc. ("STARRS" or "Plaintiff") brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and as grounds therefor alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff STARRS is a Texas not-for-profit corporation that seeks to educate Americans on the dangers of racist and radical ideologies infiltrating the U.S. military with the goal of eliminating these divisive influences and maintaining a unified and cohesive fighting

force. Founded by a group of retired distinguished military officers, STARRS is concerned about efforts to teach and implement aspects of Critical Race Theory in U.S. military academies and throughout the U.S. Armed Forces. STARRS has grown to at least 3,900 known supporters, including general officers, service academy graduates, retired and active-duty officers and enlisted, and other concerned civilians. STARRS seeks to become a dynamic and influential force to promote balance, unity, and adherence to the U.S. Constitution and to prevent the politicization of the service academies and the U.S. Department of Defense. STARRS seeks access to records in the possession, custody, and control of Defendant.

4. Defendant U.S. Department of Defense ("Defendant") is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 14, 2024, Plaintiff sent a FOIA request to the U.S. Air Force Academy ("USAFA"), a component of Defendant, seeking access to records related to the USAFA's curriculum discussing racism, racial issues, or critical race theory. Specifically, the request sought:

> [A]ny course syllabi, lesson plans, instructor notes, presentation materials, videos, websites, and student issued/handout materials that involve any course taught, in whole or in part, by Associate Professor Lynn Chandler Garcia and that mentions, involves or relates in any way to racism, racial issues or critical race theory.

The request also sought:

> [A]ny course syllabi, lesson plans, instructor notes, presentation materials, videos, websites, and student issued/handout materials that involve any course taught or discussed, in whole or in part, by any professor, instructor or other individual at the Air Force Academy during the years 2020 through the present that mentions, involves or relates in any way to racism, racial issues or critical race theory.

The timeframe for the request was July 7, 2021, through November 14, 2024.

- 3 -

6. On November 19, 2024, Plaintiff received an acknowledgment that the FOIA request had been received and that the number assigned to the request by the USAFA was <u>2025-01066-F</u>.

7. This request by Plaintiff superseded a similar request to the USAFA on July 7, 2021 (case number 2021-03607-F), to which the USAFA failed to respond.

8. As of the date of this Complaint, Defendant has failed to: (i) produce the records requested in the November 14, 2024 request or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

<u>**COUNT I**</u>
**(Violation of FOIA, 5 U.S.C. § 552)**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

12. Plaintiff has no adequate remedy at law.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request described above by December 16, 2024 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

- 4 -

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to  5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 28, 2025                                         Respectfully submitted,


*/s/  James F. Peterson*
JAMES F. PETERSON
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5175
Email: jpeterson@judicialwatch.org

*Attorney for Plaintiff*